United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE RAMOS, *et al.*, | No. C-14-4909 EMC |
| Plaintiffs, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| J.P. MORGAN CHASE BANK, N.A., *et al.*, | **(Docket No. 37)** |
| Defendants. | |

## I. INTRODUCTION

On October 1, 2014, Jose Ramos ("Plaintiff") filed a complaint with the San Mateo Superior Court of California, which challenged J.P. Morgan Chase Bank's authority to foreclose on his property. Docket No. 1. On November 5, 2014, J.P. Morgan Chase Bank ("Defendant") removed to this Court. *Id*. On January 22, 2015, this Court granted Defendants' first motion to dismiss, and provided Plaintiff with leave file an amended complaint. Docket No. 30. Currently pending before the Court is Defendants' motion to dismiss Plaintiff's First Amended Complaint. Docket No. 37.

## II. BACKGROUND

On August 24, 2005, Plaintiff obtained a 40-year adjustable rate mortgage ("Mortgage") from Greenpoint Mortgage Funding, Inc ("Greenpoint") for $296,000. Complaint ("Compl.") ¶ 6; Exhibit to Complaint ("Ex.") C. The loan was recorded in a promissory note ("Note") and was secured by a deed of trust ("DOT") against a property in Daly City, California. Ex. C. The DOT names Marin Conveyancing Corp. as the trustee and EMC Mortgage Corp. (EMC) as the loan

1  servicer. *Id*. Subsequent to the execution of the Mortgage, Greenpoint sold the Mortgage to EMC,
2  but failed to assign the DOT to EMC or endorse the Note. Compl. ¶ 10.
3       On October 1, 2005, Structured Asset Mortgage Investments II, Inc. ("SAMI") formed a
4  mortgage-backed securities trust identified as the Greenpoint Mortgage Funding Trust 2005-AR5
5  ("AR5 Trust" or "Trust"), with Wells Fargo as trustee. This transaction is memorialized in a
6  Pooling and Servicing Agreement ("PSA"). Compl. ¶ 14. The PSA governing the AR5 Trust
7  prohibits assignments of loans to the Trust more than 90 days after the closing date – October 31,
8  2005. Compl. ¶ 14.
9       On October 31, 2005, EMC sold the Mortgage to SAMI. This transaction is memorialized in
10 the Mortgage Loan Purchase Agreement ("MLPA"). On the same day, SAMI "sold and securitized"
11 the Mortgage into the AR5 Trust. Compl. ¶ 16.
12      On January 19, 2010, Mortgage Electronic Registration Systems (MERS) issued an
13 Assignment of DOT, assigning a beneficiary interest under the DOT to Wells Fargo. Compl. ¶ 28.
14 On August 26, 2010, EMC "acting as Attorney-in-Fact" for Wells Fargo, executed a Substitution of
15 Trustee, substituting Quality Loan Service Corporation ("QLS") for Marin Conveyancing Corp as
16 the trustee for the Mortgage. Compl. ¶ 60. On August 5, 2010, a Notice of Default – dated August
17 4, 2010 – was executed by QLS, indicating that Plaintiff was in default on his loan. ¶ 62.
18 Subsequently, QLS executed four Notices of Trustee's Sale ("NOTS") over the course of thirty-five
19 months. ¶ 69 (dated: November 8, 2010; July 15, 2011; November 29, 2012; October 18, 2013). All
20 of these documents – the Corporate Assignment of Deed of Trust, Substitution of Trustee, Notice of
21 Default, and Notice of Trustee's Sale (collectively, "Documents") – were recorded with the San
22 Mateo County Recorder's Office. *See* Exhs. E, F, G, H, I.

### III.   DISCUSSION

A.   Legal Standard

25      Under Federal Rules of Civil Procedure 12(b)(6), a party may move to dismiss based on the
26 failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). A motion to
27 dismiss based on Rule 12(b)(6) challenges the legal sufficiency of the claims alleged. *See Parks Sch.*
28 *of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.1995). In considering such a motion, a court must

take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir.2009).  Courts "are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint."  *Steckman v. Hart Brewing*, *Inc.*, 143 F.3d 1293, 1296 (9th Cir.1998).

While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'"  *Id*.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully."  *Id.*

B.    Request for Judicial Notice

Defendants request judicial notice of the following documents in support of their Motion: the DOT, Assignment, Substitution, NOD, NTS, and Deed Upon Sale.  Docket No. 12.  All of these documents have been recorded with the San Mateo County Recorders Office.  Additionally, all of these documents were attached to the Complaint. *See* Exhs. A, C, D, E, F, G, H, I, J.  Defendants also request judicial notice of two letters sent to Plaintiff regarding the disputed loan.  Docket No. 12.  In their request, Defendants suggest these letters are public record, but do not provide any support for that suggestion.  *Id*.

Plaintiff does not object to the Court taking judicial notice of these documents.  Docket No. 22. Rather, Plaintiff objects to the Court "accepting as true Defendants' interpretation of [the] documents." *Id*.

"[A] court may take judicial notice of 'matters of public record.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir.2001) (quoting *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir.1986)).  At the same time, "a court may not take judicial notice of a fact that is 'subject to

reasonable dispute'" even if the fact is stated in the public record. *Id*. at 689–90 (quoting Fed. R. Evid. 201(b)).

The Court **GRANTS** Defendants' request to take judicial notice of the documents that have been recorded with the San Mateo County Recorders Office, because those documents are a matter of public record. This order relies on those documents' legal effects and inferences warranted from these effects, but not on facts in the documents that Plaintiff disputes.

With respect to the other documents submitted in the request for judicial notice, this order does not rely on them and those requests are therefore **DENIED** as moot.

C.      Plaintiff's Primary Contentions

The gravamen of Plaintiff's complaint is that Defendants lack authority to foreclose because of a "botched securitization of Plaintiff's mortgage loan." ¶ 59. Specifically, Plaintiff argues that: (1) the 2005 assignment of its mortgage to the AR5 Trust was defective; (2) Greenpoint and MERS's beneficiary interest in the loan was extinguished in 2005 when the Loan was sold into the AR5 Trust; and (3) JP Morgan does not have authority to foreclose because the botched securitization destroyed the necessary chain of title to demonstrate that authority. The Court addresses each of these arguments in turn.

1.      Plaintiff Lacks Standing to Challenge the Effectiveness of the 2005 Assignments

Plaintiff claims that SAMI's assignment of the loan to the AR5 trust was defective because it did so without proper endorsement of the Note or assignment of the DOT. ¶ 14. According to Plaintiff, such a defective transfer breached the governing terms of the PSA and was thus ineffective. *Id*.

Plaintiff cannot prevail on the basis of this argument because Plaintiff lacks standing to challenge the efficacy of the assignments. *See Banares v. Wells Fargo Bank, N.A.*, No. 13–cv–04896–EMC, 2014 WL 985532, at *5 (N.D. Cal. Mar. 7, 2014). As this Court explained in *Banares*, "[a] third-party to an assignment lacks standing to challenge its effectiveness unless the assignment is void, as opposed to voidable." *Id*. at *3 (citing *Calderon v. Bank of America, N.A.*, 941 F. Supp. 2d 753, 764 (W.D.Tex.2013)). In that same case, this Court determined that violations of the PSA – such as failing to assign the DOT or endorse the Note – render the assignment of a

mortgage voidable, and ***not*** void. *Id*. at *5 (rejecting the reasoning *Glaski v. Bank of America*, N.A., 218 Cal. App. 4th 1079 (2013)).

Here, Plaintiff's theory of standing – that the failure to assign the DOT or endorse the Note rendered the assignment of its loan void – is the same theory this Court rejected in *Banares*. Plaintiff relies on the reasoning of *Glaski* to support this theory. 218 Cal. App. 4th 1079. However, for the reasons set forth extensively in *Banares*, the Court finds *Glaski* unpersuasive[1] and finds that alleged defects in the assignment of Plaintiff's loan rendered the assignment voidable, and *not* void. Thus, Plaintiff lacks standing to challenge the effectiveness of the assignments of its loans.

### 2. The 2005 Sale of Plaintiff's Mortgage Did Not Extinguish Defendants' Rights

Plaintiff asserts that the August 24, 2005 transfer of its mortgage extinguished the rights of both the seller – Greenpoint Mortgage – and the buyer – EMC Mortgage – because the transaction was carried out "without the required assignment of the DOT and concurrent endorsement of the underlying original Note from Greenpoint Mortgage to EMC Mortgage." ¶ 10 (emphasis omitted).

As discussed above, Plaintiff lacks standing to challenge the effectiveness of the transfer of its mortgage. Thus, Plaintiff's second contention fails because it seeks to challenge the propriety of a transfer which it has no standing to challenge. *See Banares*, 2014 WL 985532 at *6 ("Plaintiff lacks standing [to challenge the endorsements] for the same reason she lacks standing to challenge the assignments. It follows that Plaintiff also lacks standing to challenge the Substitution, NOD, and the NTS, because their validity is determined by the validity of the Assignment."). The Court also notes, once more, that Plaintiff's argument that a defective sale destroys the property rights of both the seller and the buyer "defies common sense." *Id*. Thus, all authority to foreclose on Plaintiff's property was not extinguished in 2005.

---

[1] Plaintiff's counsel was informed of the Court's view on this matter, but failed to amend its complaint accordingly. Counsel was reminded of the Court's position at the January 22, 2015 hearing (*see* Docket No. 30), wherein the Court dismissed its claims. The Court notes that such a reminder was hardly appropriate, as Plaintiff's counsel has *recently* litigated this exact theory before this Court. *See Banares*, No. 13–cv–04896–EMC, 2014 WL 985532.

### 3. Securitization of the Loan Did Not Destroy MERS's Authority to Assign the DOT

Plaintiff contends that MERS cannot validly assign the DOT because the securitization process (1) broke the requisite chain of title (¶ 22); and (2) split the Note from the DOT (¶ 23).

In support of its first point, Plaintiff asserts that the chain of title cannot be reconsecrated because:

> 1) it would be far too late [i.e., now several years after the closing date/startup date of the REMIC MBS Trust]; and 2) the assignment and conveyance of mortgage loan would not follow the required securitization chain of title if it transfers directly to the trust [i.e., broken chain of title and also destroying the MBS Trust's "bankruptcy remote" shield as a REMIC and violating the requirement that it must pass through each of the intermediary party in the securitization chain: from original lender/loan originator => securitization sponsor/seller => depositor => trustee for the MBS trust; and 3) it will only occur after the Plaintiffs' mortgage loan was allegedly in default and now considered a non-qualified mortgage loan [contrary to the strict REMIC stipulation in trust agreement that the loan must be performing.]

¶ 32. It is not entirely clear what that means. However, it seems to refer back to the alleged violation of the governing PSA terms, which, as discussed, Plaintiff does not have standing to challenge.

In support of its second point, Plaintiff asserts that:

> MERS is neither the lender nor the authorized agent of the unknown "*successor lender*" in the Note; it is not legally possible for MERS to concurrently endorse the Note with its assignment of DOT because MERS, in fact, is not the lender in the Note; MERS is not even referenced in any capacity in the financial instrument.

¶ 23.

Contrary to Plaintiff's assertions, MERS does have authority to assign a DOT to a third-party to initiate foreclosure proceedings if MERS is provided the right to foreclose in the original deed of trust. *See Sargent v. JPMorgan Chase Bank, N.A.*, No. C 13-01690 WHA, 2013 WL 3878167, at \*2 (N.D. Cal. July 25, 2013) (citing *Tall v. Mortgage Electronic Registration Systems, Inc.*, 2012 WL 6680183, at \*2 (N.D. Cal.2012); *see also Velasco v. Sec. Nat'l Mortg. Co.*, 823 F. Supp. 2d 1061, 1073 (D. Haw. 2011) (". . . any argument that MERS lacked authority to assign its right to foreclose . . . based on its role as 'nominee' cannot stand in light of *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034 (9th Cir.2011)).

Here, the DOT provides:

> MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument
>
> . . .
>
> MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, **including, but not limited to, the right to foreclose and sell the Property**; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

Docket No. 12-1, Exhibit A, p. 2; 4 (emphasis added). Plaintiff's DOT thus provides MERS with explicit authority to foreclose as nominee for all "successors and assigns." This authority is not affected by the securitization process – which, even accepting many of Plaintiff's legal conclusions as correct, only changed the successor of Plaintiff's loan. Such a change does not alter MERS's authority because, under the DOT, MERS has the authority to act as historical nominee regardless of who becomes a successor on the loan. Hence, MERS had authority to foreclose and transfer Plaintiff's loan because Plaintiff contracted to provide it such authority in the original DOT.

To the extent that Plaintiff's argument is reasserting that there is no viable successor in interest to its loan – at all – the Court has already rejected that argument. To the extent that Plaintiff is asserting that MERS's authority is destroyed by its absence on the Note, the Court rejects that argument as well, as it is entirely unsupported by the law. *Sargent*, 2013 WL 3878167 at *2 (explaining that the DOT provides sufficient authority to nominee).

Thus, the Court finds Plaintiff's third primary contention lacks merit, and that MERS *did* have authority to convey its right to foreclose on Plaintiff's property to a third-party.

D.  Causes of Action

Plaintiff alleges six causes of action: (1) Wrongful Foreclosure; (2) Quiet Title; (3) Fraud; (4) Violation of Bus. & Profs. Code, § 17200, *et seq*; (5) Unjust Enrichment; and (6) Accounting. Because all six of these causes of action are based on the allegedly invalid securitization of Ramos's loan and/or the allegedly invalid assignment of his DOT, Ramos's complaint "must be dismissed in its entirety." *See Sottile v. JP Morgan Chase Bank N.A.*, 2014 WL 7139996, at *4 (N.D. Cal. Dec. 12, 2014) (dismissing plaintiff's entire complaint where all of plaintiff's asserted causes of action

are based on the argument that his loan was improperly securitized); *see also Dahnken v. Wells Fargo Bank, N.A.*, No. C 13-2838 PJH, 2013 WL 5979356, at *2 (N.D. Cal. Nov. 8, 2013) (same); *Flores v. GMAC Mortgage, LLC*, No. C 12794 SI, 2013 WL 2049388, at *3 (N.D. Cal. May 14, 2013) (same). The Court thus **GRANTS** Defendants' motion to dismiss **WITH PREJUDICE**. Any amendment to the complaint would be futile.

This order disposes of Docket No. 37. The Clerk is instructed to enter judgment and close the file.

IT IS SO ORDERED.

Dated: July 22, 2015

_____
EDWARD M. CHEN
United States District Judge